**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GONZALO GANDARA,** | ) | |
| **ID # 34956-177,** | ) | |
| Movant, | ) | **No. 3:09-CV-2296-M (BH)** |
| vs. | ) | **No. 3:06-CR-0086-M (03)** |
| | ) | **ECF** |
| **UNITED STATES OF AMERICA,** | ) | **Referred to U.S. Magistrate Judge** |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I.  BACKGROUND**

Movant, a current inmate in the federal prison system, brings this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:06-CR-0086-M.  The respondent is the United States of America (Government).

**A.  Factual and Procedural History**

On March 7, 2006, the Government indicted Movant and two co-defendants for carjacking, using or carrying a firearm, and possessing an unregistered firearm.  (*See* Indictment, doc. 15).[1] Movant pled guilty to carjacking and using or carrying a firearm and was sentenced to 38 months and 120 months, respectively, to run consecutively, for a total of 158 months.  (*See* Plea Agreement, doc. 40; Judgment, doc. 80).  Movant appealed the sentence.  On August 8, 2007, the Fifth Circuit remanded the case for a determination of whether Movant could show good cause or excusable neglect for filing his notice of appeal out of time.  (*See* Remand Order, doc. 99).  On November 16,

---

[1] All document numbers refer to the docket number assigned to the pleading in the underlying criminal action, No. 3:06-CR-0086-M.

2007, the district court determined that Movant had failed to establish either good cause or excusable neglect for filing his notice of appeal out of time and returned the case to the Fifth Circuit. ( *See* Order Accepting Findings, doc. 106). At the urging of the Government, the Fifth Circuit Court of Appeals addressed Movant's appeal on its merits notwithstanding the late notice of appeal and affirmed the conviction and sentence on August 12, 2009. *United States v. Gandara*, 2009 WL 2474100 (5th Cir. Aug. 12, 2009).

Movant filed his pro se motion to vacate on December 2, 2009, alleging four substantive claims: (1) whether a circuit court may *sua sponte* address a failure to comply with Federal Rule of Appellate Procedure 4(b)(1)(A) regarding the timeliness of a notice of appeal and, if so, when may it do so; (2) when must the Government argue that an appellate has failed to comply with Federal Rule of Appellate Procedure 4(b)(1)(A) in order for the argument to be timely raised; (3) whether Movant was constructively denied counsel when the district court failed to appoint him an attorney on remand from the Fifth Circuit; and (4) whether Movant was provided effective assistance of counsel at sentencing when counsel failed to object to the court and prosecutor stating that the minimum sentence for Count Two was ten years, rather than seven. (Motion at 7-8). Each of these issues was raised on direct appeal. *See Brief of Appellant at 2, United States v. Gandara*, 2009 WL 4249028 (5th Cir. Jan. 5, 2009) (No. 07-10593).

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral

2

challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal. *United States v. Rocha*, 109 F.3d 225, 229-30 (5th Cir. 1997). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

Movant raised each of the four claims in his § 2255 motion on direct appeal; in fact, he uses the very same wording in his motion as in his appellate brief. *Brief of Appellant at 2, Gandara*, 2009 WL 4249028. His first three claims concerning the timeliness of his notice of appeal were rendered moot when the Fifth Circuit chose to address the appeal on its merits. The Fifth Circuit specifically considered Movant's fourth claim that his trial counsel was ineffective for failing to object to the range of sentence for the offense of using or carrying a firearm because the case "present[ed] a rare instance when [the appellate court was] able to evaluate fairly the merits of the claim." *Gandara*, 2009 WL 2474100, at 1. It found that because Movant admitted using a short-barreled shotgun in the factual basis for his plea, his counsel was not ineffective for failing to object to consideration of the shotgun during sentencing. *Id.* Because the appellate court disposed of this issue, Movant may not raise it again in this collateral attack on his conviction. *See Rocha*, 109 F.3d at 229-30.

### III.  SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion

3

and direct the clerk to notify the moving party." Because Movant seeks to vacate, set aside, or correct a sentence from a federal conviction based on grounds already raised on direct appeal and either rendered moot or denied on their merits by the Fifth Circuit, it plainly appears from the record of prior proceedings that Movant is not entitled to relief based on the grounds he raised, and this action is subject to summary dismissal.

## IV.  RECOMMENDATION

The Court should **DISMISS** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 10th day of December, 2009.**

                            IRMA CARRILLO RAMIREZ
                            UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                            IRMA CARRILLO RAMIREZ
                            UNITED STATES MAGISTRATE JUDGE